IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEITH G.,[1]  )<br>  )<br>    **Plaintiff,**  )<br>  )<br>v.  )<br>  )<br>KILOLO KIJAKAZI, Acting  )<br>Commissioner of Social Security,  )<br>  )<br>    **Defendant.**  )<br>  ) | No. 22 C 6287<br><br>Magistrate Judge<br>Maria Valdez |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Keith G.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 15] is denied, and the Commissioner's cross-motion for summary judgment [Doc. No. 18] is granted.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

# BACKGROUND

## I. PROCEDURAL HISTORY

On November 5, 2020, Plaintiff filed a claim for DIB, alleging disability since January 1, 2018. The claim was denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"). A telephonic hearing was held on October 13, 2021, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On January 13, 2022, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of January 1, 2018. At step two, the ALJ concluded that Plaintiff had the following severe impairments: peripheral neuropathy; lumbar spine myofascial pain syndrome; right elbow epicondylitis, status post right foot neuroma and surgeries, status post right

shoulder surgery; cholesterol disorder; hypertension with cardiovascular disease; and obesity. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work with the following additional limitations: never climb ladders, ropes, or scaffolds and no more than occasionally climb ramps or stairs, balance, stoop, crouch, crawl, or kneel; use the right lower extremity no more than occasionally to push or pull ten pounds; use the left hand no more than frequently to feel; reach no more than frequently in all directions with the right upper extremity; avoid concentrated exposure to lung irritants or pollutants and work hazards including unprotected heights and heavy equipment; and be provided a sit-stand option allowing to stand for 1-2 minutes after sitting for thirty minutes. At step four, the ALJ concluded that Plaintiff would be unable to perform his past relevant work as a sheriff deputy. However, at step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that he is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable

3

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.    JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir.

4

2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v.*

5

*Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ did not properly evaluate the medical opinions; (2) the ALJ's RFC finding was not supported by substantial evidence; and (3) the ALJ did not properly evaluate Plaintiff's subjective symptoms. Each argument will be addressed below in turn.

6

A.  **The ALJ's Assessment of the Medical Opinions**

Plaintiff first argues that the ALJ improperly discounted the respective opinions of physical therapist Grant Bomkamp and Dr. Christopher Pasquale. Because Plaintiff filed his claim in 2020, the ALJ was required to evaluate the medical opinion evidence under regulations applicable to claims filed on or after March 27, 2017. 20 C.F.R. § 404.1520c (2017). Under these regulations, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. § 404.1520c(a). An ALJ is instead required to articulate "how persuasive [she] find[s] all of the medical opinions and all of the prior administrative medical findings in [a claimant's] case record." 20 C.F.R. § 404.1520c(b). Factors to be considered in this evaluation include supportability, consistency, relationship with the claimant, specialization, and other factors that tend to support or contradict a medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c(a), (c). Supportability and consistency are the two most important factors. 20 C.F.R. § 404.1520c(a); *see* 20 C.F.R. § 404.1520c(c)(2) ("The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be."). An ALJ's decision must explain how she considered the factors of supportability and consistency, but she is not required to explain how she evaluated the other factors. 20 C.F.R. § 404.1520c(b)(2).

With respect to Mr. Bomkamp's opinions from his physician therapy assessment, the ALJ evaluated the findings as follows:

> The opinion in the July 28, 2020 functional capacity evaluation (FCE)/physical work performance evaluation, which found that the claimant's abilities fall within the low end of the sedentary level of work range with less than sedentary level tolerances for sitting and significant self-limited performance, was not persuasive as it was based on a one-time evaluation and the claimant exhibited self-limited behavior beyond normal. Also, the FCE indicated that the findings were not definitive. The claimant stopped himself on 62% of the FCE tasks which was well above the amount of self-limiting behavior expected from a motivated client.

(R. 25 (citations omitted).)

As an initial matter, the Court notes that "a physical therapist is not an 'acceptable medical source' under the law and his opinion is 'not entitled to any special weight.'" *Susana C. v. Kijakazi*, No. 20 CV 135, 2022 WL 4535201, at *5 (N.D. Ill. Sept. 28, 2022) (citations omitted). In any event, the Court finds that, per the ALJ's reasoning set forth above, the ALJ sufficiently contemplated consistency and supportability and otherwise reasonably discounted Mr. Bomkamp's FCE report. Contrary to Plaintiff's protestations, the ALJ was entitled to discount the FCE as not fully supported on the grounds that it was based on a single examination. *See Wanner v. Kijakazi*, No. 20-CV-987, 2021 WL 3721846, at *7 (E.D. Wis. Aug. 23, 2021) ("The fact that Frey's opinion was based on a one-time examination was an appropriate factor for the ALJ to note in explain why Frey's opinion was not persuasive.") (citation omitted). Further, contrary to Plaintiff's assertions, the ALJ was entitled to discount the FCE as inconsistent on the grounds that Plaintiff demonstrated an unusual amount of self-limiting behaviors during the

8

examination. *See Cobbins v. Berryhill*, No. 17 CV 2389, 2018 WL 1377905, at *7 (N.D. Ill. Mar. 19, 2018) ("[T]he ALJ properly explained why she chose to afford Sen's opinion less weight. The ALJ noted that according to Sen's own observations, Cobbins's participation in the evaluation was 'self-limited on the lifting and carrying tasks' and that there were some 'inconsistencies' in the test results indicating insincere effort."). The ALJ reasonably interpreted the fact that Plaintiff stopped himself on 62% of the tasks to mean that the FCE was not definitive.

Plaintiff also takes issue with the ALJ's evaluation of Dr. Pasquale's opinions. The ALJ assessed Dr. Pasquale's November 2020 opinion as follows:

> The opinion of Christopher Pasquale, M.D., dated November 16, 2020, which found that the claimant is totally and permanently disabled, was not persuasive. It did not set forth the function by function analysis used by SSA to determine disability. The opinion indicates that it was based on a FCE, but the FCE admitted that the claimant exhibited greater than normal self-limited behavior and the treating source did not explain such discrepancy. Such opinion was not consistent with the evidence of record which showed good lumbar spine range of motion with negative straight leg raising test and no neurological deficits. He had a normal gait and was able to walk on his toes and heels. He had normal right elbow range of motion with normal motor strength, normal handgrip, and normal EMG. EMG/NCV was normal. He had a normal gait and normal balance and required no assistive device for ambulation. His angiogram was normal.

(R. 26 (citations omitted).)

The ALJ assessed Dr. Pasquale's March 2021 opinion as follows:

> The opinion of Christopher Pasquale, M.D., dated March 26, 2021, which found that the claimant does not have the ability to perform a job at the level of sedentary and is functional at a lower level, was not persuasive as it did not refer to specific treatment notes or reports to support such opinion. Such opinion was also not consistent with the evidence of record which showed good lumbar spine range of motion with negative straight leg raising test and no neurological deficits. The claimant exhibited normal gait and was able to walk on his toes and heels. He had normal

9

> right elbow range of motion with normal motor strength, normal handgrip, and normal EMG. EMG/NCV was normal. He had a normal gait and normal balance and required no assistive device for ambulation. His angiogram was normal.

(*Id.* (citations omitted).)

So, in sum, the ALJ discounted Dr. Pasquale's opinions because they did not provide a function-by-function assessment, were predicated on the FCE (which the Court has determined the ALJ reasonably discounted), were not based on specific treatment notes, and were inconsistent with the evidence of record, which inconsistencies the ALJ detailed at length. Given the ALJ's explicit rationales, the Court finds that the ALJ properly assessed and explicated supportability and consistency in discounting Dr. Pasquale's opinions. *See* 20 C.F.R. § 404.1520c(b)(2). The Court declines Plaintiff's invitation to reweigh the evidence in relation to Dr. Pasquale's opinions, as that is an endeavor the Court cannot undertake. *See Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021).

### B. Reclining, Leg Elevation, and Naps

Though broadly couched in terms of the ALJ's RFC assessment, Plaintiff's second argument boils down to his assertion that the ALJ improperly rejected Plaintiff's "reports that he needed to sit in a reclined position, elevate his legs, and take naps throughout the day." (Pl.'s Br. at 9.) Plaintiff's contention in that regard really amounts to an attack on the ALJ's credibility assessment. In assessing Plaintiff's credibility vis-à-vis his allegations that he needed to recline, elevate his legs, and take naps, the ALJ provided the following analysis:

> While the claimant claims that he reclines, elevate[s] his lower extremities, and takes naps, the medical record does not show the

> medical necessity warranting greater limitation(s). It is noted that the claimant is able to follow a schedule to take care of his children and do chores as well as coach basketball, attend youth group meetings as President, and attend school and sports events and drives to places with no indication in the record of him being precluded from such activities because of needing a nap or [having] to recline and/or elevate his lower extremities.

(R. 27.)

This Court gives "the ALJ's credibility finding special deference and will overturn it only if it is patently wrong." *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017) (internal quotations and citation omitted). "[P]atently wrong . . . means that the decision lacks any explanation or support." *Murphy v. Colvin*, 759 F.3d 811, 816 (7th Cir. 2014) (citation omitted). Under that standard, the Court finds that, per the ALJ's explanation quoted above, the ALJ reasonably determined that Plaintiff's allegations concerning reclining, leg elevation, and napping were not fully corroborated. *See Ray v. Saul*, 861 F. App'x 102, 107 (7th Cir. 2021) ("Because the ALJ's weighing of [claimant's] reported symptoms in the context of the whole record is supported by substantial evidence, we find no reversible error on this front either."); *Schrank v. Saul*, 843 F. App'x 786, 789 (7th Cir. 2021) ("[T]he ALJ's credibility determination was not 'patently wrong,' because she found [claimant] not credible for several reasons that were adequately supported by the record.") (citation omitted); *cf. Lacher v. Saul*, 830 F. App'x 476, 478 (7th Cir. 2020) ("The ALJ's rationale here was thin, but it was adequate to reflect her conclusion that the objective medical evidence and Lacher's daily activities did not corroborate his subjective symptoms.").

11

Plaintiff challenges the ALJ's reasoning that napping, elevating his legs, and reclining were not medically necessary. However, the ALJ was entitled to consider the fact that no medical evidence indicated that such limitations were required. *See Ricky J. v. Kijakazi*, No. 17-CV-4246, 2022 WL 1720454, at *8 (N.D. Ill. May 27, 2022) ("Plaintiff also stated he needed to elevate his legs three to four times daily, but no medical provider ever mentioned this; nor do the treatment notes support the restriction."); *Imse v. Berryhill*, 752 F. App'x 358, 362 (7th Cir. 2018) (ALJ properly disregarded claimant's testimony of needing to lie down or nap where he found no physician "has ever indicated that there was a medical reason why she would need to lay down/nap as frequently as alleged during the day"). Accordingly, the Court ultimately finds Plaintiff's second argument unavailing.[2]

## C. The ALJ's Assessment of Plaintiff's Daily Activities

Plaintiff's third argument also relates to his alleged symptoms, and Plaintiff generally contends that the ALJ improperly discounted his subjective complaints. The ALJ discounted Plaintiff's allegations based on, *inter alia*, the grounds that Plaintiff's alleged limitations were not seen in the record and Plaintiff was otherwise "able to get around to do chores, coach basketball, drive to places, shop, and . . . go out alone without assistance." (R. 27.) With respect to daily activities, an

---

[2] Plaintiff also tangentially asserts that the ALJ did not properly support her RFC accommodation of providing a sit-stand option allowing Plaintiff to stand for 1-2 minutes after sitting for 30 minutes. The Court finds no error in the ALJ's accommodation in that regard. The ALJ reasonably and sufficiently explained that she provided a sit-stand option "in consideration that prolonged sitting can aggravate pain/discomfort in the lower extremities including the feet, spine and buttocks" and "in consideration of the claimant's claims of problems getting up if he sits too long." (R. 25, 27.)

12

ALJ should "explain how Plaintiff's ability to perform his daily activities undermined his allegations of disability." *Steven L. v. Saul*, No. 19-CV-6047, 2021 WL 1531603, at *2 (N.D. Ill. Apr. 19, 2021). Along those lines, Plaintiff asserts that "the ALJ did not set forth an explanation as to how [Plaintiff's] activities were inconsistent with his allegations." (Pl.'s Br. at 13.) The Court disagrees. The ALJ specifically reasoned that Plaintiff's alleged difficulties sitting were inconsistent with the fact that Plaintiff "has the ability to sit in order to drive to various places and when coaching." (R. 27.) The ALJ further reasoned that Plaintiff's alleged difficulties standing were undercut because Plaintiff "is able to be on his feet to maneuver a snowblower per testimony and do yard work." (*Id.*) Aside from these specific analyses, which the Court finds sufficient, the Court otherwise concludes that the ALJ appropriately read into Plaintiff's relatively wide-ranging activities that he was not as restricted as alleged.

Thrown in with his argument concerning his symptoms and daily activities, Plaintiff contends that the ALJ did not properly consider the third-party report completed by his wife. The ALJ assessed Plaintiff's wife's report as follows:

> The third party statement opinions submitted by the claimant's wife were not persuasive as to the issue of disability. These are not consistent with the function by function analysis used by SSA to determine disability. While not a medical professional or impartial third party, she is familiar with the claimant, and her observations were given consideration including the claimant having the ability to get around without any assistive device and having the mental and physical capacity to tend to personal care, prepare food, do household chores and take care of four children while she works. The claimant is able to drive, can go out alone without getting lost/confused, handle funds, and do shopping.

13

(R. 25 (citations omitted).) The Court concludes that this fulsome consideration of Plaintiff's wife's statements was sufficient. Importantly, the ALJ was not required to articulate how evidence from nonmedical sources was considered using the requirements in 20 C.F.R. § 404.1520c(a)-(c). *See* 20 C.F.R. § 404.1520c(d) ("We are not required to articulate how we considered evidence from nonmedical sources using the requirements in paragraphs (a)-(c) in this section."). Under the circumstances, the Court finds that it was not improper for the ALJ to find Plaintiff's wife's statements not fully illuminating as lacking function-by-function observations.

## CONCLUSION

For the foregoing reasons, the points of error raised by Plaintiff are not well taken. Accordingly, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 15] is denied, and the Commissioner's cross-motion for summary judgment [Doc. No. 18] is granted.

**SO ORDERED.**                                              **ENTERED:**

*[signature: Maria Valdez]*

**DATE:    July 20, 2023**                                   _____
                                                              **HON. MARIA VALDEZ**
                                                              **United States Magistrate Judge**